UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES WALKER, | ) | CASE NO. 4:20-CV-2587 |
| | ) | |
| PETITIONER, | ) | JUDGE J. PHILLIP CALABRESE |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN LaSHANN EPPINGER, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| RESPONDENT. | ) | |

**I.     Introduction**

Petitioner, Charles Walker ("Walker"), an Ohio prisoner serving an aggregate prison term of seventy-one years to life for two counts aggravated murder with a firearm specification, four counts murder with a firearm specification, two counts discharge of a firearm on or near a prohibited premises with a firearm specification, four counts felonious assault with a firearm specification, one count of improperly handling firearms in a motor vehicle with a firearm specification, and one count carrying of concealed weapons, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on November 17, 2020. (ECF No. 1). Respondent, Warden LaShann Eppinger ("Warden"), has moved to dismiss Walker's petition as procedurally defaulted and meritless. (ECF No. 13).

This matter is before the Court by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Walker's petition and other case-dispositive

1

motions. Because Walker's claim is procedurally defaulted, I recommend granting the Warden's motion to dismiss and that the Court dismiss his petition in its entirety.

## II. Procedural History

### A. State Conviction

On April 11, 2017, a Cuyahoga County, Ohio grand jury indicted Walker on two counts aggravated murder with a firearm specification, in violation of Ohio Revised Code sections 2903.01(A), 2941.141(A), 2941.145(A), and 2941.146(A), four counts murder with a firearm specification, in violation of Ohio Revised Code sections 2903.02(B), 2941.141(A), 2941.145(A), and 2941.146(A), two counts discharge of a firearm on or near a prohibited premises with a firearm specification, in violation of Ohio Revised Code sections 2923.162(A)(3), 2941.141(A), 2941.145(A), and 2941.146(A), four counts felonious assault with a firearm specification, in violation of Ohio Revised Code sections 2903.11(A)(2), 2941.141(A), 2941.145(A), and 2941.146(A), one count of improperly handling firearms in a motor vehicle with a firearm specification, in violation of Ohio Revised Code sections 2923.16(B), 2941.141(A), 2941.145(A), and 2941.146(A), and one count carrying of concealed weapons, in violation of Ohio Revised Code sections 2923.12(A)(2). (ECF No. 13-1, Ex. 1). Each count also contained a forfeiture specification relating to the firearms. (*Id.*)

After a trial, a jury found Walker guilty of all counts. (*Id.* at PageID #: 381). On November 21, 2017, the court sentenced Walker to an aggregate prison term of seventy-one years to life imprisonment. (*Id.* at Ex. 3).

### B. Direct Appeal

Walker, represented by new counsel, appealed to the Ohio Court of Appeals on April 11, 2018. (*See id.* at Ex. 5). He raised six assignments of error:

> **Assignment of Error I:** Appellant's Sixth Amendment right to confrontation was violated when the trial court admitted hearsay over Appellant's objection.
>
> **Assignment of Error II:** The trial court erred by denying Appellant's objection to portions of the aiding and abetting instruction.
>
> **Assignment of Error III:** Appellant's Sixth and Fourteenth Amendments rights under the United States Constitution were violated based upon ineffective assistance of counsel.
>
> **Assignment of Error IV:** Appellant's convictions were not supported by sufficient evidence and the trial court erred by denying his motion for acquittal.
>
> **Assignment of Error V:** The convictions were against the manifest weight of the evidence.
>
> **Assignment of Error VI:** The trial court erred by imposing consecutive sentences and Appellant's sentence is contrary to law.

(*Id.* at PageID #: 394). On December 20, 2018, the Court of Appeals affirmed the judgment of the trial court. (*Id.* at Ex. 10). Walker did not timely appeal to the Supreme Court of Ohio. Rather, he filed an application for reconsideration pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure. (*Id.* at Ex. 11). The Court of Appeals denied his application as untimely and without merit. (*Id.* at Ex. 13).

### C. Petition to Vacate

On January 11, 2019, Walker, pro se, filed a petition to vacate or set aside judgment of conviction or sentence. (*Id.* at Ex. 14). In response, on January 17, 2019, the State filed a motion for summary judgment. (*Id.* at Ex. 15). On February 20, 2019, the trial court denied Walker's petition and granted the State's motion for summary judgment. (*Id.* at Ex. 16).

### D. Delayed Appeal

On February 19, 2019, Walker, pro se, filed a notice of appeal and motion for leave to file

3

a delayed appeal. (*Id.* at Exs. 17 & 18). On April 3, 2019, the Supreme Court of Ohio denied his motion. (*Id.* at Ex. 19).

### E. Application to Reopen Direct Appeal

On February 22, 2019, Walker, pro se, filed a timely application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. (*Id.* at Ex. 20). He alleged that his appellate counsel was ineffective for failing to raise the following arguments on appeal: 1) manifest weight of the evidence; 2) juror coercion; and 3) post-release control not properly imposed on every count. (*Id.*) On May 31, 2019, the Ohio Court of Appeals denied the application. (*Id.* at Ex. 22). Walker, pro se, appealed to the Supreme Court of Ohio on July 8, 2019. (*Id.* at Ex. 23). Walker's application asserted the following propositions of law:

> **Proposition of Law No. 1:** The Eighth District Court of Appeals wrongfully employed res judicata to procedurally bar review of the manifest weight of evidence claim raised in Walker's App.R. 26(B) application for reopening, in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section § 10 of the Ohio Constitution.
>
> **Proposition of Law No. 2:** Walker's convictions were against the manifest weight of evidence produced at trial, in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section § 10 of the Ohio Constitution.
>
> **Proposition of Law No. 3:** There was insufficient evidence to support Walker's convictions for Counts 1-12, in violation of his Due Protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section § 10 of the Ohio Constitution.
>
> **Proposition of Law No. 4:** Walker's right to Due Process and a fair trial, as provided by the Fifth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section § 10 of the Ohio Constitution, was violated when a juror was coerced by the trial court into continuing deliberations after she had asked to be excused.

(*Id*. at Ex. 24). On August 20, 2019, the Supreme Court of Ohio declined to accept jurisdiction. (*Id.* at Ex. 26).

### F. Federal Habeas Corpus Petition

On November 17, 2020, represented by counsel, Walker petitioned for a writ of habeas corpus from this Court. (ECF No. 1). Walker's petition asserted one ground for relief:

> **Ground One:** The trial court ordered a juror to continue deliberations in violation of Mr. Walker's Fifth and Fourteenth Amendment rights to due process and a fair trial.
>
> **Supporting Facts:** Juror Number 6 indicated to the trial court that she wanted to be excused because she was at odds with the remaining jurors and it was becoming uncomfortable. The trial court ordered her to return to the jury room and continue deliberations.

(*Id.* at PageID #: 6). On January 21, 2022, the Warden filed a return of writ arguing that Walker's petition should be dismissed as procedurally defaulted or, in the alternative, denied as meritless. (ECF No. 13). On February 21, 2022, Walker filed his traverse. (ECF No. 15).

### III. Law

#### A. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Walker's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("[T]he

highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

### B. Procedural Default

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court again looks to the last-explained state court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732–33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009).[1]

---

[1] In *Maupin v. Smith*, the Sixth Circuit set forth a four-part test to be followed when the state argues that a habeas claim is defaulted because of a prisoner's failure to observe a state procedural rule. 785 F.2d 135, 138 (6th Cir. 1986). It is:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .

6

A petitioner also procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) ("Because [the exhaustion] requirement 'refers only to remedies still available at the time of the federal petition,' . . . it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

---

Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . [Fourth, o]nce the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id.* (citations omitted).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him . . . ." *Id*. at 753. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

IV.     Analysis

Walker asserts "[t]he trial court ordered a juror to continue deliberations in violation of Mr. Walker's Fifth and Fourteenth Amendment rights to due process and a fair trial." (ECF No. 1, PageID #: 6). The Warden argues that Walker's claim in Ground One is procedurally defaulted because he failed to raise it on direct appeal. (ECF No. 13, PageID #: 352). Walker argues that his procedural default is excused due to the ineffective assistance of his appellate counsel. (ECF No. 15, PageID #: 661).

The Court agrees with the Warden. Walker procedurally defaulted his claim when he failed to raise it on direct appeal. *Lundgren*, 440 F.3d at 765 ("This Court has found the Ohio courts' rule

8

denying review of the merits in post-conviction proceedings when a petitioner could have, but failed, to raise a claim on direct appeal, to constitute 'adequate and independent' state grounds foreclosing review in subsequent federal habeas proceedings.").

"When a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto ....'" *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005) (quoting *Murray*, 477 U.S. at 484). "To show cause, a petitioner must show that some objective factor external to the defense impeded ... his efforts to comply with the State's procedural rule." *Id*. (citation and internal quotation marks omitted). Walker argues that his procedural default is excused because it was caused by ineffective assistance of his appellate counsel for failing to raise the issue on direct appeal. (ECF No. 15, PageID #: 661). "To constitute cause, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs*, 411 F.3d at 668. Here, Walker raised that his appellate counsel was ineffective for failing to raise this claim on appeal in his application to reopen his direct appeal. (ECF No. 13-1, Ex. 20). Additionally, Walker appealed the Ohio Court of Appeals denial of his application to the Supreme Court of Ohio. (*Id*. at Ex. 24). Thus, Walker's alleged cause is exhausted and not procedurally defaulted.

Nevertheless, "[a]ttorney error does not constitute 'cause' unless it rises to the level of a constitutional violation of the right to counsel under *Strickland*." *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (citing *Murray*, 477 U.S. at 488). The Ohio Court of Appeals addressed Walker's claim that his appellate counsel was ineffective. Walker raised his ineffective assistance of appellate counsel claim in his motion to reopen the appeal and the Ohio Court of Appeals denied his motion. (ECF No. 13-1, Exs. 20 & 22). The court correctly noted that such claims are judged

9

under the two-part test established in *Strickland v. Washington*, 466 U.S. 688 (1984). "In order to establish a claim of ineffective assistance of appellate counsel, Walker is required to demonstrate that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice." (ECF No. 13-1, PageID #: 605) (citing *Strickland*, 466 U.S. at 687; *State v. Bradley*, 42 Ohio St. 3d 136 (1989)).

The Ohio Court of Appeals found that Walker had not established a claim of ineffective assistance of appellate counsel because he failed to establish that he was prejudiced by his appellate counsel not raising this argument on his direct appeal. The Ohio Court of Appeals reviewed the record of the colloquy between Juror No. 6 and the trial judge regarding the Juror requesting to be excused:

> THE COURT: Back on the record in *State of Ohio vs. Charles Walker*. I've received a communication from Juror No. 6, who we believe is the foreperson. It states: "May I be excused for another alternate to enter?"
>
> Both counsel are here. You're going to waive your client's presence?
>
> DEFENDANT'S ATTORNEY: Judge, we are waiving.
>
> THE COURT: I'm going to speak to the juror on the record, but counsel will not be present.
>
> DEFENDANT'S ATTORNEY: Okay.
>
> THE COURT: Very good.
>
> \*\*\*
>
> (Thereupon, Juror No. 6 was brought in the courtroom for inquiry outside the presence of counsel and on the record as follows:)
>
> \*\*\*
>
> THE COURT: We're on the record with Juror No. 6, K.D. She has sent a note to us indicating, "May I be excused for another alternate to enter?"

>What's your reason, ma'am?
>
>JUROR NO. 6: I don't want to interrupt the court process by my disagreement for a unanimous vote.
>
>THE COURT: In other words, you're at odds with the remaining jurors?
>
>JUROR NO. 6: Right. It's just becoming uncomfortable.
>
>THE COURT: You don't have any concerns for your personal safety, do you?
>
>JUROR NO. 6: No.
>
>THE COURT: Okay. Nobody has approached you about this case?
>
>JUROR NO. 6: No.
>
>THE COURT: Okay. I'm going to ask you to return and continue to deliberate.
>
>JUROR NO. 6: I'm sorry?
>
>THE COURT: I'm going to ask you to return to the jury room and continue with your deliberation. ·
>
>JUROR NO. 6: Okay.
>
>THE COURT: Thank you.
>
>\*\*\*
>
>(Thereupon, proceedings were concluded.)

(*Id.* at PageID #: 609-10).  The Ohio Court of Appeals found that the record failed "to disclose the existence of any coercion to reach a unanimous verdict."  (*Id*. at PageID #: 609).  The Ohio Court of Appeals noted that "[t]he trial court judge inquired as to whether Juror No. 6 felt threatened or [was] approached by any party with regard to her deliberation. In addition, the trial court simply instructed Juror No. 6 to return to deliberation, which cannot be considered any form of coercion."

11

(*Id*. at Page ID #: 609-10) (citing *State v. Howard*, 42 Ohio St.3d 18 (1989); *State v. King*, 8th Dist. Cuyahoga No. 99319, 2013-Ohio-4791; *State v. Glenn*, 1st Dist. Hamilton No. C-090205, 2011-Ohio-829). The court agrees with the Ohio Court of Appeals. The record fails to demonstrate any coercion to reach a unanimous verdict. In fact, the trial court gave the juror no instructions on how to reach a verdict. Rather, the court merely instructed the juror to continue deliberations.

Walker does not direct the Court to any additional facts in the record that display coercion. Rather, Walker appears to argue—without any legal authority—that the trial court acted in a coercive manner by questioning the juror independently and that the trial court should have proceeded with providing an *Allen* instruction. (ECF No. 15, PageID #: 664-67). In addition to failing to provide any support for this argument, Walker seems to overlook that when the trial court decided to question the juror independently it had no knowledge that the jury was having trouble reaching a unanimous verdict or that an *Allen* charge may be needed. Rather, the court received a note from Juror 6 that simply requested "[m]ay I be excused for another alternate to enter." The trial court had no reason to know why the juror wanted to be excused until it questioned her. It was during that questioning that the trial court learned that the juror wanted to be excused because they did not want to "interrupt the court process by [their] disagreement for a unanimous vote." In response, after assuring that the juror had not been threatened or approached improperly about the case, the trial court merely instructed the juror "to return to the jury room and continue with [their] deliberation." (ECF No. 13-1, PageID #: 609). This does not amount to coercion and is inapposite to situations in which juror coercion has been found as a result of trial courts instructing jurors that they must reach a unanimous verdict. *See Jenkins v. United States*, 380 U.S. 445, 446

12

(1965). Here, the trial court did not tell the juror she had to reach a verdict. Rather, the trial court simply told the juror to continue to deliberate.

As such, Walker fails to demonstrate cause to excuse his procedural default. Walker appears to assume that his "counsel's failure to raise the claim in his direct appeal undoubtedly satisfied the 'cause' component." (ECF No. 15, PageID #: 661). However, Walker is mistaken. "Attorney error does not constitute 'cause' unless it rises to the level of a constitutional violation of the right to counsel under *Strickland*." *Monzo*, 281 F.3d at 577 (citing *Murray*, 477 U.S. at 488). Here, the record does not demonstrate juror coercion to reach a unanimous verdict. Therefore, Walker fails to demonstrate his appellate counsel was deficient in failing to raise his claim in his direct appeal and that the deficiency resulted in prejudice as required under *Strickland*. Walker fails to demonstrate an error by his appellate counsel that rises to the level of a constitutional violation of the right to counsel under *Strickland*. Consequently, Walker fails to establish cause for his default. Furthermore, Walker does not raise a claim of actual innocence. As a result, Walker's claim is procedurally defaulted.

V. **Certificate of Appealability**

A. **Legal Standard**

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require

a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Walker's ground for relief is procedurally defaulted. If the Court accepts the foregoing recommendation, then Walker has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, the Court recommends that the Court not issue a certificate of appealability

## VI. Recommendation

The undersigned recommends that the Court **GRANT** the Warden's motion to dismiss; and **DISMISS** Walker's petition as procedurally defaulted.

DATED: August 30, 2023

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019).