UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES WALKER, ) | Case No. 4:20-cv-02587-JPC |
| ) | |
| Petitioner, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Carmen Henderson |
| LASHANN EPPINGER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## OPINION AND ORDER

A jury in State court convicted Petitioner Charles Walker of aggravated murder, murder, felonious assault, and several firearms-related charges. He was sentenced to 71 years to life in prison. Through counsel, he filed a petition for a writ of habeas corpus, asserting violations of his Fifth and Fourteenth Amendment rights to due process and a fair trial. The Magistrate Judge recommends that the Court dismiss the petition as procedurally defaulted, and Petitioner objects. For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's report and recommendation, and **DENIES** and **DISMISSES** the petition for a writ of habeas corpus.

### FACTUAL AND PROCEDURAL BACKGROUND

This petition for a writ of habeas corpus arises from Mr. Walker's conviction in State court, specifically the Cuyahoga County Court of Common Pleas.

### A. Indictment and Trial

In early 2017, a grand jury indicted Mr. Walker on fourteen counts: two counts of aggravated murder, four counts of murder, three counts of felonious assault, two counts of discharging a firearm on or near prohibited premises, one count of improperly handling a firearm in a motor vehicle, and one count of carrying a concealed weapon. (ECF No. 13-1, PageID #364–80.) The case proceeded to a jury trial. (*See id.*, PageID #487.) The jury found Petitioner guilty on all counts. (*Id.*, PageID #381.)

At trial, the evidence showed that, on or about March 25, 2017, Mr. Walker was involved in a drive-by shooting in Cleveland, Ohio. (*Id.*, PageID #487.) He drove the vehicle while his two passengers opened fire on another nearby vehicle. (*See id.*, PageID #499.) David Wilder and a juvenile, T.J., died as a result. (*Id.*, PageID #487.) The passengers also shot at Aevonte Gaddis and A.J., another juvenile. (*Id.*) Mr. Walker and two others were arrested on the day of the shooting. (*Id.*, PageID #487.) The State presented 12 witnesses; Mr. Walker did not present any. (*Id.*, PageID #488.) After the State rested its case, Mr. Walker moved for a judgment of acquittal under Rule 29 of the Ohio Rules of Criminal Procedure, which the State trial court denied. (*Id.*) The jury found Mr. Walker guilty, and the State trial court sentenced him to an aggregate term of 71 years to life in prison. (*Id.*)

### B. Direct Appeal

On appeal, Mr. Walker raised six assignments of error: (1) the State trial court violated his Sixth Amendment right to confront the witnesses against him when it admitted certain hearsay evidence; (2) the State trial court erred by denying his

2

objections to portions of a jury instruction; (3) his trial counsel was ineffective, violating the Sixth and Fourteenth amendments; (4) his convictions were not supported by sufficient evidence, and the State trial court erred in denying his motion for acquittal; (5) the convictions were against the manifest weight of the evidence; and (6) the State trial court erred when it imposed consecutive sentences, making Mr. Walker's sentence contrary to law. (*Id.,* PageID #394.) On December 20, 2018, the State appellate court affirmed the judgment, overruling each assignment of error. (*Id.*, PageID #495.)

Two months later, Mr. Walker moved for reconsideration at the appellate court. (*Id.*, PageID #496.) He acknowledged that the motion was filed after the ten-day deadline for reconsideration but argued that good cause excused the delay. (*Id.*, PageID #497.) The appellate court denied his motion as untimely and without merit. (*Id.*, PageID #513.)

      C.    **Post-Conviction Petition**

On January 11, 2019, Mr. Walker petitioned to vacate or set aside the judgment of conviction. (*Id.*, PageID #514.) He claimed that the ineffective assistance of trial counsel deprived him of his Sixth Amendment rights. (*Id.*, PageID #515.) Arguing that the motion was really a motion for post-conviction relief, and that *res judicata* barred him from raising the ineffective assistance claim again, the State moved for judgment as a matter of law. (*Id.*, PageID #526.) Without a hearing, the State trial court granted the State's motion and denied the petition. (*Id.*, PageID #546.)

3

### D. Delayed Appeal to the Ohio Supreme Court

While Mr. Walker's post-conviction petition was pending, he moved for leave to file a delayed appeal in the Supreme Court of Ohio. (*Id.,* PageID #550.) On April 3, 2019, the Supreme Court of Ohio denied the motion and dismissed the case. (*Id.*, PageID #584.)

During the same period, Mr. Walker also applied to reopen his direct appeal. (*Id.*, PageID #585.) He claimed that his appellate counsel was ineffective due to counsel's failure to raise or properly support three issues on appeal: (1) that his convictions were against manifest the weight of the evidence (*id.*, PageID #586); (2) juror coercion (*id.*, PageID #590); and (3) that post-release control was improperly applied (*id.*, PageID #592). On May 31, 2019, the appellate court denied Mr. Walker's motion to reopen his appeal. (*Id.*, PageID #612.) On the juror coercion issue, the appellate court reviewed the trial record and determined that the record failed to disclose any coercion. (*Id.*, PageID #608–10.)

Mr. Walker timely appealed the decision to the Supreme Court of Ohio. (*Id.*, PageID #613.) There, he raised four propositions of law. (*Id.*, PageID #616.) In the fourth, Mr. Walker reasserted the juror coercion claim. (*Id.*) The Ohio Supreme Court declined to accept jurisdiction on August 20, 2019. (*Id.*, PageID #638.)

### E. Habeas Petition

On November 17, 2020, Mr. Walker petitioned for a writ of habeas corpus. (ECF No. 1.) He raised one ground for relief—that the State trial court ordered a juror to continue deliberations in violation of his Fifth and Fourteenth Amendment rights to due process and a fair trial. (*Id.*, PageID #6.) Pursuant to the Local Rules,

4

the Court referred the matter to a Magistrate Judge, who filed a report and recommendation that the Court deny Petitioner's ground for relief as procedurally defaulted. (ECF No. 17, PageID #685.)

Petitioner objects to the Magistrate Judge's determinations that (1) the claim is procedurally defaulted; (2) the record fails to demonstrate coercion; (3) Petitioner failed to demonstrate cause to excuse procedural default; and (4) Petitioner is not entitled to a certificate of appealability. (ECF No. 22, PageID #696.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner raises.

## ANALYSIS

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). To be entitled to habeas relief under AEDPA on a "claim that was adjudicated on the merits in State court proceedings," Petitioner must show that the State court decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g., Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

6

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Habeas courts review the "last explained state-court judgment" on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991).  A State court has adjudicated a claim "on the merits[,]" and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision. *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405.  "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under the statute, an unreasonable application of federal law differs from an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410).  A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways:  (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular

7

State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

A State court's determination of the facts is unreasonable under § 2254(d)(2) only if the court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528–29 (2003). The petitioner bears the burden of rebutting the State court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (quoting § 2254(e)(1)); *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011). "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). The Supreme Court cautions, that "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt*, 571 U.S. at 18 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

"The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." In this way, Section 2254(d) "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems'" and does not function as a "substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102–03 (quoting *Jackson*, 443 U.S. at 333 n.5 (Stevens, J., concurring)). Accordingly, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error

8

well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

## I. Procedural Default

Generally, a federal court may not consider a habeas petition unless a State prisoner has presented his claim to the State court in accordance with the State's procedural rules. *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). Where the petitioner fails to do so, and the State courts would dismiss or deny the claim on that basis, the federal court must do the same because the petitioner has procedurally defaulted the claim. *Id; Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). However, if "the last State court rendering a judgment in the case" reached the merits, procedural default does not apply. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Victor v. Neb*, 511 U.S. 1, 19 (1994).

The Magistrate Judge determined that Petitioner's ground for relief is procedurally defaulted because Petitioner failed to raise the juror coercion claim on direct appeal. (ECF No. 17, PageID #679.) Petitioner objects that his claim is not procedurally defaulted, arguing that his motion to reopen his appeal preserved the claim. In support, Petitioner cites *White v. Schotten*, 2014 F.3d 743 (6th Cir. 2000), for the proposition that Rule 26(B) of the Ohio Rules of Appellate Procedure, under which he sought to reopen his appeal, is a part of the direct appeal as of right. (ECF No. 22, PageID #697.) But another case, *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (en banc), expressly overruled *White* on that point. In *Lopez*, the Sixth Circuit sitting en banc held that Rule 26(B) "creates a collateral post-conviction procedure, and is

9

not part of the direct right of appeal." *Id.* at 341. As Respondent acknowledges, an application under Rule 26(B) can preserve a claim for ineffective assistance of counsel, but it does not preserve the underlying claim. *Lott v.* Coyle, 261 F.3d 594, 611–12 (6th Cir. 2001). For this reason, the Court **OVERRULES** Petitioner's objections and agrees that his application under Rule 26(B) to reopen his direct appeal raises only a collateral procedure for asserting ineffective assistance of counsel.

**II.    Juror Coercion**

In disposing of Mr. Walker's motion to reopen, the Ohio appellate court did consider the merits of the juror coercion claim, albeit through the lens of ineffective assistance of counsel. (ECF No. 13-1, PageID #608–10.) In other words, Petitioner argues that his appellate counsel provided ineffective assistance by failing to raise the issue of juror coercion on direct appeal, excusing the procedural default. (ECF No. 22, PageID #698–99.) Therefore, the Court considers whether the failure of counsel to raise this issue on direct appeal excuses the procedural default.

During his jury trial, a juror asked to be excused from deliberating. The trial judge ordered the juror to return and continue deliberating. Petitioner alleges that this instruction coerced the juror, violating his Fifth and Fourteenth Amendment rights to due process and a fair trial. (ECF No. 1, PageID #6.)

The State appellate court reviewed the record of the colloquy between the juror and the trial judge and found no merit to the claim of juror coercion. (*Id.*, PageID #608–10.) Petitioner maintains that the State court unreasonably applied the law in arriving at this conclusion. (ECF No. 22, PageID #699.) Petitioner argues that the

10

judge should have concluded from the juror's statement that the jury was deadlocked and, instead, should have given the entire jury an appropriate *Allen* charge. *See Allen v. United States*, 164 U.S. 492 (1896); *State v. Howard*, 42 Ohio St. 3d 18, 23, 537, N.E.2d 188 (1989). (ECF No. 15, PageID #665.)

At trial, a juror requested to be excused from deliberating, citing her disagreement with the other jurors, which made her uncomfortable in deliberations. (ECF No. 13-1, PageID #640–41.) After confirming that the juror had no concerns for her personal safety and had not been approached by anyone, the State trial court asked her to return to the jury room and continue deliberating. (*Id.*) In its decision, the court of appeals noted Ohio law on jury instructions. Even "a last-ditch effort to prod the jury into reaching a unanimous verdict" is not coercive under Ohio law. *State v. King*, No. 99319, 2013 WL 5886605, at ¶ 24 (October 31, 2013) (citing *Howard*, 42 Ohio St. 3d at 24). Further, neither the juror nor the jury through the foreman indicated that deliberations had deadlocked. Instead, one juror asked whether she could be excused, and the trial judge responded to that juror's question and concerns.

After reviewing that record, the State appellate court determined that the trial judge "simply instructed Juror No. 6 to return to deliberation, which cannot be considered any form of coercion." (ECF No. 13-1, PageID #610.) Mindful of the deferential standard under which the Court is constrained, the State court's determination that the exchange was not coercive was not unreasonable. For that reason, ineffective assistance of counsel does not provide cause to excuse the procedural default.

11

### CERTIFICATE OF APPEALABILITY

Petitioner also objects to the Magistrate Judge's recommendation to deny Petitioner a certificate of appealability. Without it, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C.S § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). However, the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).

Because of the procedural default that bars federal habeas review of his claim, and the State court's disposition of the claim of juror coercion that does not excuse that default, the Court determines that reasonable jurists could not fairly debate denial of this habeas petition. Therefore, Petitioner is not entitled to a certificate of appealability. Accordingly, the Court **OVERRULES** Plaintiff's objection and **DECLINES** to issue a certificate of appealability.

### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's report and recommendation, and **DENIES** and **DISMISSES** the petition for a writ of habeas corpus. Pursuant to 28 U.S.C. § 2253,

the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Dated: May 6, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio